IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO. 2:09-CR-62-WKW [WO] |
| | ) |
| IRA EDWARD DOUGHTY | ) |

**MEMORANDUM OPINION AND ORDER**

On June 30, 2009, a jury convicted Defendant Ira Edward Doughty of possession of a firearm as a felon, possession of a firearm as an unlawful drug user, and unlawful possession of marijuana. At the close of the Government's case-in-chief, Mr. Doughty moved for a judgment of acquittal, pursuant to Rule 29(a) of the Federal Rules of Criminal Procedure, on the sole ground that the Government had failed to prove that he actually possessed the firearm. The court reserved ruling on the motion. *See* Rule 29(b). At the end of presenting his evidence, Mr. Doughty moved again for a judgment of acquittal on the general basis that the evidence failed to sustain any convictions.[1] The court reserved ruling as to all three counts at that time as well.[2]

The first motion, challenging the sufficiency of the Government's evidence as to whether Mr. Doughty possessed the firearm, is due to be denied. The Government presented

---

[1] The Government presented no rebuttal evidence.

[2] The court also may consider the sufficiency of the evidence to sustain a conviction on its own initiative. Fed. R. Crim. P. 29(a).

sufficient evidence in its case-in-chief of Mr. Doughty's possessing the firearm.[3] The second motion, challenging the sufficiency of all the evidence as to every count, however, is due to be granted in part. There is insufficient evidence to support a conviction on the second count of the indictment, alleging Mr. Doughty possessed a firearm as an unlawful drug user, in violation of 18 U.S.C. § 922(g)(3), and that count is therefore due to be dismissed. The motion is denied as to counts one and three of the indictment.

## I. BACKGROUND

On April 21, 2009, a grand jury indicted Mr. Doughty on three counts: (1) possessing a firearm as a convicted felon, in violation of 18 U.S.C. § 922(g)(1); (2) possessing a firearm as an unlawful user of a controlled substance, in violation of 18 U.S.C. § 922(g)(3); and (3) unlawful possession of marijuana, in violation of 21 U.S.C. § 844(a). (Doc. # 1.) At trial, Alabama State Trooper Bruce Little testified to stopping a vehicle for a missing headlight in December 2008. Mrs. Doughty was driving the vehicle and Mr. Doughty was a passenger. During the course of the stop, Officer Thomas Birtley, a sergeant with the Lowndes County Sheriff's Department, testified that upon request, he assisted Officer Little and brought a canine trained to detect narcotics. When the canine was led around the outside of the vehicle, it alerted to narcotics. Officer Little then lawfully searched the vehicle[4] and found a firearm in the console and a box of ammunition in the rear of the vehicle. Officer Little also found

---

[3] "If the court reserves decision, it must decide the motion on the basis of the evidence at the time the ruling was reserved." Rule 29(b).

[4] It is undisputed that Mr. Doughty owned the vehicle and consented to the search.

rolling papers in the console, and marijuana screens and a marijuana pipe in a bag with clothing in the rear of the vehicle. The pipe was in an eyeglass case, and the screens were underneath a small screwdriver kit. Officer Little arrested Mr. Doughty for possession of drug paraphernalia. The Government later submitted the pipe for analysis and Mr. Doughty stipulated during the trial that the plant material tested positive for marijuana.[5]

Officer Little also testified that after Mr. Doughty was arrested and at the jail, when he was observing Officer Little packaging the pipe, he commented that the pipe had been "there" for a while, presumably referring to its presence in the vehicle or bag. Mr. Doughty also allegedly asked if he could use the asthma machine that Officer Little observed in the vehicle. After stating that using the machine would not be a problem, Officer Little said he asked Mr. Doughty why he smoked marijuana if he had breathing problems, to which Mr. Doughty allegedly responded that he smoked marijuana for his back problems. Officer Little added that Mr. Doughty later approached him outside the courtroom at Mr. Doughty's initial appearance on the state charges, and in that conversation said that he had been shot in the back in 2002.[6] The Government relies on this evidence – the testimony that Mr. Doughty said he used marijuana for back problems and the recording in which Mr. Doughty said he was shot in the back in 2002 – to justify the conclusion that Mr. Doughty was a drug user.

---

[5] Trooper Little testified that the substance in the pipe was plant material, not residue.

[6] It is assumed, without finding, that the audio tape of this evidence presents no admissibility or constitutional problems.

## II. STANDARD OF REVIEW

"'In considering a motion for the entry of a judgment of acquittal, a district court 'must view the evidence in the light most favorable to the government, and determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt.'" *United States v. Garcia*, 447 F.3d 1327, 1334 (11th Cir. 2006) (quoting *United States v. Miranda*, 425 F.3d 953, 959 (11th Cir. 2005)).  "'[T]he court must accept all reasonable inferences and credibility determinations made by the jury.'" *Id.* (quoting *United States v. Sellers*, 871 F.2d 1019, 1021 (11th Cir. 1989)).

## III. DISCUSSION

Section 922(g)(3) prohibits unlawful users of controlled substances, such as marijuana, from possessing a firearm.[7]  The statute does not define "unlawful user."  Nor has the court located an Eleventh Circuit published opinion that directly elaborates on "unlawful user" for a conviction under the statute.  In an unpublished opinion from 2007, however, the Eleventh Circuit affirmed a district court's jury instruction on "unlawful user," noting that the appellant/defendant had not shown any error, much less plain error.  *United States v. Davis*, 224 F. App'x 919, 922 (11th Cir. 2007).  The jury instruction the court approved was the following:

> The term "unlawful user of a controlled substance" means a person who uses a controlled substance in a manner other than as prescribed by a licensed physician.

---

[7] There is sufficient evidence to support the commerce nexus through testimony that the firearm came from Spain.  *See* § 922(g)(1).

4

>The Defendant must have been actively engaged in use of a controlled substance during the period of time he allegedly made a false statement or allegedly possessed the firearm. But the law does not require that he used the controlled substance at the precise time he allegedly made the false statements in Counts One through Four or allegedly possessed the firearm in Count Five.
>
>An inference that a person was a user of controlled substances may be drawn from the evidence of a pattern of use or possession of a controlled substance that reasonably covers the time that the firearm was possessed.

The Eleventh Circuit held that this instruction was consistent with the court's definition for "unlawful user" in *United States v. Edmonds*, 348 F.3d 950, 953-54 (11th Cir. 2003), which defined the term in § 922(g)(3) for purposes of explaining who a "prohibited person" was in a sentencing enhancement provision.[8] *Edmonds* defined unlawful user in possession of a firearm as "a person whose drug use is 'ongoing and contemporaneous with his firearm possession.'" *Davis*, 224 F. App'x at 923 (quoting *Edmonds*, 348 F.3d at 953-54). *Edmonds* held that, for sentencing purposes, there was sufficient evidence that the defendant was an unlawful user of a controlled substance during the period in which he possessed a firearm because the facts supported a conclusion that his use was "regular, ongoing, and contemporaneous with his firearm possession." *Edmonds*, 348 F.3d at 953-54.

Other circuits have articulated similar requirements for proving an unlawful drug user under § 922(g)(3). The Third Circuit has stated that drug use must not be "remote in time" from the firearm possession or an "isolated occurrence." *United States v. Augustin*, 376 F.3d 135, 138 (3d Cir. 2004). The court noted that, as of the date of that decision, other circuits

---

[8] As the court in *Edmonds* explained, "[t]he commentary to the [sentencing provision] defines a 'prohibited person' by reference to 18 U.S.C. § 922(g) and § 922(n), and therefore includes a person 'who is an unlawful user of or addicted to any controlled substance.'" *Edmonds*, 348 F.3d at 953.

5

similarly had concluded that an unlawful drug user "needed to have engaged in regular use over a period of time proximate to or contemporaneous with the possession of the firearm." *Id.* at 139 (citing the Fourth Circuit's requirement that the Government establish a pattern and recency of use, and the Ninth Circuit's requirement that the defendant "'took drugs with regularity, over an extended period of time, and contemporaneously'" with the firearm possession (quoting *United States v. Purdy*, 264 F.3d 809, 813 (9th Cir. 2001))). The Ninth Circuit requires the drug use to be "sufficiently consistent, prolonged, and close in time" with the firearm possession. *Purdy*, 264 F.3d at 812.

Based upon these definitions of an unlawful user of a controlled substance, and the observation that under a plain reading of the statute, an unlawful drug user must engage in more extensive drug use than simple possession, the court finds there is insufficient evidence for a reasonable factfinder to find Mr. Doughty guilty of possessing a firearm as an unlawful user of marijuana. Even viewing the evidence in the light most favorable to the Government, and crediting the officers' testimony and discrediting Mr. Doughty's and his wife's testimony, the only evidence in support of the charge is Officer Little's statement that Mr. Doughty said he smoked for back problems (and Mr. Doughty's statement that he had, in fact, been shot in the back in 2002), the pipe with detectable marijuana, and drug paraphernalia in the console and the bag in the vehicle.

These items sufficiently support the conviction for unlawful marijuana *possession* but do not distinguish Mr. Doughty's marijuana use as regular, ongoing, and contemporaneous

with possessing a firearm. There is no testimony of drug quantities more than traces found in the pipe. The paraphernalia could be evidence of possession, or even occasional or isolated use, but alone is not evidence of a regular, ongoing use. Nor was there any testimony from a person knowledgeable about drug use that the screens and pipe were used primarily for repeated drug use.[9] There was no evidence of a urine sample or other evidence or testimony as to recent marijuana use. That Mr. Doughty was shot in the back in 2002, or that the pipe had been in the bag or vehicle for a while, allows for an inference that he used marijuana in the past,[10] but without more, does not support an inference that his drug use was regular, ongoing, and overlapping with the firearm possession.

Cases in other circuits affirming convictions under § 922(g)(3) show just how weak the evidence is against Mr. Doughty on this charge. The defendant/appellant in *United States v. Dalhouse*, 534 F.3d 803 (7th Cir. 2008) challenged the sufficiency of evidence for his conviction of possessing a firearm as an unlawful user of a controlled substance. *Id.* at 805-07. The court held there was sufficient evidence even absent his confession. *Id.* at 807. The defendant's friend testified at trial that he had smoked marijuana with the defendant only minutes before the defendant was arrested, and that he had known the defendant for two and a half months, would see him about every other day, and smoked marijuana with him whenever they were together. *Id.* at 805, 807. There is no comparable testimony or evidence

---

[9] Officer Little did testify that the rolling papers were common among drug users.

[10] It also allows for a plausible, opposite inference that Mr. Doughty had used marijuana *only* in the past, though the court must accept all reasonable inferences made by the jury.

in this case of drug use that was close in time. *Cf. United States v. Johnston*, 533 F.3d 972, 974 (8th Cir. 2008) (defendant pled guilty to § 922(g)(3) after being stopped with four grams of marijuana and two rifles in his car, admitting to smoking marijuana the previous evening, and testing positive for THC, confirming recent marijuana use).

Nor was there sufficient testimony that Mr. Doughty's drug use was regular and overlapping with the possession of the firearm. There was testimony that Mr. Doughty said he smoked for back problems but there was no testimony as to whether those back problems, supposedly from being shot in the back in 2002, extended into December 2008, or whether Mr. Doughty's use of marijuana continued to be regular during that time. *Cf. United States v. McMullin*, 568 F.3d 1, 7 (1st Cir. 2009) (noting evidence that the *defendant* testified to using marijuana to alleviate multiple sclerosis symptoms *and* to buying a large amount of marijuana (more than two pounds) because "he would 'rather [buy] it once than thirty two times'").

The amount and type of evidence that supported the § 922(g)(3) conviction in *United States v. Patterson*, 431 F.3d 832 (5th Cir. 2005) is virtually absent here. That evidence included: (1) the defendant's admission that the Government had seized marijuana as well as metal canisters that related to paraphernalia; (2) an officer's testimony that the defendant had been a marijuana user "'for some time'"; (3) that same officer's testimony that the defendant expressed doubt about whether he could comply with the conditions of release requiring abstaining from drug use; (4) another officer's testimony that the defendant

8

admitted to using marijuana for two years; and (5) a positive urine specimen for marijuana and witness testimony that marijuana stays in the system of an occasional user for up to two weeks. *Id.* at 837. *See also United States v. Edwards*, 182 F.3d 333 (5th Cir. 1999) (holding § 922(g)(3) constitutional as applied because the defendant admitted to using marijuana in a hotel and pled guilty to a marijuana offense arising from that event, the police found marijuana in defendant's car during a traffic stop a few months later, the police found a baggie of marijuana in the police car where defendant had been sitting after being detained for a separate incident a few months after that, the police found marijuana and cocaine at defendant's house a month later on the night they recovered the gun that was the basis of the charge, and the defendant admitted in a statement to a federal agent that he used marijuana on a daily basis for the prior two to three years). In comparison, the Government's evidence in this case does not sufficiently establish that a reasonable jury could find Mr. Doughty guilty of being an unlawful drug *user* in possession of a firearm. At most, the evidence establishes that the defendant *possessed* a controlled substance and a firearm simultaneously. Count two of the indictment is therefore due to be dismissed.

Incidentally, had the § 922(g)(3) conviction survived, the court would have needed to address the fact that punishment for these two subsections of § 922 is not permitted. *United States v. Winchester*, 916 F.2d 601, 607 (11th Cir. 1990). Circuits are in "unanimous agreement that § 922(g) cannot support multiple convictions based on a single firearm possession because the allowable unit of prosecution is the incident of possession, not the

defendant's membership in a class (or classes) of persons disqualified from possession." *United States v. Parker*, 508 F.3d 434, 440 (7th Cir. 2007) (citing, among other cases, *Winchester*); *accord United States v. Richardson*, 439 F.3d 421, 422 (8th Cir. 2006) (*en banc*) (*per curiam*). The prohibition against punishing for both § 922(g)(1) and § 922(g)(3) could not have been cured by ascribing the firearm to one count and ammunition to the other. Multiple punishment for § 922(g) convictions based upon simultaneous possession of a gun and ammunition is prohibited. *United States v. Hall*, 77 F.3d 398, 402 (11th Cir. 1996) ("Substantial precedent from other circuits supports the view that the simultaneous possession of a firearm and ammunition should be punished as one offense."), *abrogation on other grounds recognized in Hunter v. United States*, 559 F.3d 1188, 1190 (11th Cir. 2009); *Richardson*, 439 F.3d at 422 ("We now . . . join all the other Circuits that have addressed this issue to hold that Congress intended the 'allowable unit of prosecution' to be an incident of possession regardless of whether a defendant satisfied more than one § 922(g) classification, possessed more than one firearm, or possessed a firearm and ammunition."). Because the conviction for count two of the indictment cannot stand for other reasons, this issue need not be resolved.

### IV. CONCLUSION

For the reasons stated herein, it is ORDERED that:

(1)   Mr. Doughty's motion for a judgment of acquittal made at the close of the Government's evidence is DENIED on the grounds Mr. Doughty asserted at the time of his

motion – that the Government had not presented sufficient evidence in its case-in-chief of possessing the firearm;

    (2)    Mr. Doughty's renewed motion for a judgment of acquittal made at the close of all the evidence that the evidence, more generally, did not support a conviction on any count is GRANTED as to count two of the indictment, and DENIED as to counts one and three of the indictment; and

    (3)    Count two of the indictment is DISMISSED.

DONE this 14th day of July, 2009.

                              /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE